**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
**(Civil Division)**

| | | |
|---|---|---|
| RITA CLINTON, | ) | |
| 4504 Stecoah Drive. | ) | |
| Clinton, MD.  20735 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.:_____ |
| | ) | |
| RICK PERRY, SECRETARY | ) | |
| U.S. DEPARTMENT OF ENERGY, | ) | |
| 1000 Independence Avenue, S.W., | ) | |
| Washington, D.C. 20585 | ) | **Jury Demanded** |
| | ) | |
| <u>Serve</u>:  WILLIAM BARR, | ) | |
| Attorney General for the United States | ) | |
|  c/o Designated Representative | ) | |
| United States Department of Justice | ) | |
| 950 Pennsylvania Avenue, N.W. | ) | |
| Washington, DC 20530-0001 | ) | |
| | ) | |
| <u>Serve</u>:  JESSIE K LIU, United States | ) | |
| Attorney for the District of Columbia | ) | |
|  c/o Designated Representative | ) | |
| United States Attorney's Office | ) | |
| 555 Fourth Street, N.W. | ) | |
| Washington, DC 20530 | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff Rita Clinton, by and through her undersigned counsel, and sues Defendant Rick Perry, Secretary, U.S. Department of Energy, for the cause of action stated as follows:

## INTRODUCTORY STATEMENT

1.      Plaintiff Rita Clinton ("Plaintiff" or "Ms. Clinton") brings this civil action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq*.;

and 42 U.S.C. § 1981a, for relief from discrimination based on her race and sex retaliation for engagement in protected EEO activity.

2.      Defendant Rick Perry, Secretary of the U.S. Department of Energy ("Defendant") discriminated against Plaintiff by subjecting her to a hostile work environment on the basis of her sex and race as well as in retaliation for her engagement in protected EEO activity during the course of her employment with the U.S. Department of Energy ("DOE").

## PARTIES

3.      Plaintiff Rita Clinton is currently domiciled at 4504 Stecoah Drive, Clinton, Maryland, and is a United States citizen. At all relevant times, Ms. Clinton was an employee of the U.S. Department of Energy.

4.      Defendant Rick Perry is being sued in his official capacity as the Secretary of the U.S. Department of Energy.

5.      Defendant is directly liable for the discriminatory acts or omissions of its agents, servants and employees while acting within the course and scope of its employment, under the theory of *Respondeat Superior*.

## JURISDICTION

6.      This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as it asserts a claim that arises under the Constitution, laws or treaties of the United States, specifically Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

## VENUE

7.      Venue is appropriate and based on the fact that a substantial part of the actions complained of are the result of actions and the employment practices of the Defendant, an Agency of the federal government that operates within the District of Columbia, and occurred in the District

of Columbia. 28 U.S.C. § 1391. Venue is further proper in this district because there is no other district in which this action may otherwise be brought.  *Id*.

8.      Venue is further appropriate because a substantial part of the events or omissions giving  rise to this Complaint occurred within the U.S. Department of Energy  at the 1000 Independence Avenue, S.W., Washington, District of Columbia 20585.

## EXHAUSTION OF REMEDIES

9.      Plaintiff has exhausted all of her administrative remedies related to this case.

10.      On or about February 28, 2017, Complainant made contact with an EEO counselor in the employ of Defendant regarding numerous allegations of discrimination against Complainant on the basis of her sex, age, and race as well as allegations of reprisal for engaging in EEO activity.

11.      On or about June 27, 2017, Defendant accepted Plaintiff's claims for investigation.

12.      Defendant's investigation of Plaintiff's claims was concluded on July 11, 2019 with the issuance of a Report of Investigation.

13.      On March 12, 2019, Defendant issued a Final Agency Decision finding that Defendant had not engaged in discriminatory or retaliatory actions and notifying Plaintiff of her right to file suit in federal court within ninety days of the issuance of that Final Agency Decision.

14.      Complainant now timely files the instant action associated with the claims addressed in that Final Agency Decision regarding which she has now exhausted all administrative remedies.

## FACTS

15.      Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as fully set forth herein.

16. Since June 2010, Plaintiff, Rita Clinton worked within the Agency's Office of  the

Chief Human Capital Officer (HC) as the Director and a member of the Senior Executive Services (SES).

17. In June 2010 Plaintiff served as the Director, Office of Human Resources Services.

18. On October 4, 2015, Complainant's title changed to Director, Office of Corporate Human Resources Operations (HC-30).

19. After her title changed, as HC-30 Director, Complainant was responsible for overseeing the full range of human capital management operational functions to support DOE employees (non-executives) through a blend of servicing strategies accomplished through the Shared Service Centers and HR Advisory Offices located throughout the Department.

Plaintiff is Denied a Detail Opportunity

20. In December 2016, Plaintiff expressed a desire to serve a detail in the position of Human Resources Direct at the Bonneville Power Administration to her then supervisor Ms. Tonya Mackey.

21. Both Ms. Mackey and Plaintiff's, then second-level supervisor Mr. Robert Gibbs were aware of Plaintiff's detail request.

22. Upon requesting this detail, Plaintiff was required by Ms. Mackey to prepare her own expression of interest announcement associated with the detail position that she desired.

23. This request was outside of the normal course of events for details within Defendant's organization as Plaintiff was the only individual in Defendant's HC organization that was required to draft their own expression of interest announcement.

24. Plaintiff submitted the completed draft announcement to Ms. Mackey on or about January 4, 2017.

25.     Subsequently, despite several emails to Ms. Mackey from Plaintiff regarding the expression of interest announcement, the expression of interest announcement was not posted until on or about January 30, 2017.

26.     Subsequently, on or about February 9, 2017, Defendant denied Plaintiff's detail request.

27.     During the period in which Plaintiff's detail request was first stalled by Defendant's management employees, and then subsequently denied, males employed by Defendant that were also not of the same racial background as Plaintiff were approved for detail positions without significant delay.

Plaintiff is Harassed in the Workplace

28.     In late 2016, Plaintiff was subjected to an investigation by instigated by Ms. Mackey into alleged misconduct by Plaintiff associated with Defendant's suitability program.

29.     At no point prior to instigating this investigation, did Ms. Mackey approach Plaintiff regarding her concerns about potential misconduct or allow her the opportunity to disagree with the premise of misconduct upon which the investigation was based.

30.     As part of this investigation Ms. Mackey had Defendant's personnel access Plaintiff's email correspondence without any notice being provided to Plaintiff.

31.     This investigation by Ms. Mackey ultimately led to Plaintiff receiving a notice of proposed removal in April of 2017.

32.     In January 2017, Plaintiff was notified by Ms. Mackey that Ms. Mackey had granted a 120-day detail to Defendant's Shard Service Center.

33.     As the employee to be detailed was serving as lead evaluator for an audit for which Plaintiff was responsible which was originally to be performed in February 2017, the loss of this

employee directly inhibited Plaintiff's ability to complete the tasks for which she was responsible.

34.     In February 2017, Ms. Mackey, Plaintiff's supervisor became aware of an impending change to Defendant's ePerformance system, in which employee performance is tracked, which would reduce the number of progress reviews required to be conducted for employees from two progress review to one.

35.     On or about February 16, 2017, Plaintiff was falsely accused by her supervisor Ms. Mackey of implementing this change to the ePerformance system without properly communicating the change to Ms. Mackey as well as relevant Defendant employees outside of the Human Resources Department.

36.     In reality, the change in the ePerformance system was not the result of any instructions issued by the Plaintiff.

37.     On April 20, 2017, Plaintiff was served with a Notice of Proposed Removal.

38.     Pursuant to Plaintiff's receipt of this notice, Plaintiff was escorted out of Defendant's Forrestal Building.

39.     Prior to Plaintiff's receipt of her Notice of Proposed Removal it was the custom of Defendant to have employees that receive such a notice escorted from the building at the end of the day, however Defendant broke with this practice in its dealings with Plaintiff instead having Plaintiff escorted from the building at noon in the middle of the work day.

40.     Beginning in December 2016 and continuing through Plaintiff's removal from the workplace, Defendant, through its management employee Ms. Mackey, failed to provide Plaintiff with performance standards and a performance plan for Fiscal Year 2017.

41.     Beginning in late 2016 and continuing until Plaintiff's removal from the workplace, Defendant, through Ms. Mackey, engaged in actions designed to undermine Plaintiff's ability to

manage the employees under her supervision.

42.     Ms. Mackey engaged in a consistent pattern of and practice of going around Plaintiff

to her staff to both give instructions directly and check on the instructions being given by Plaintiff to

her staff.

43.     When Plaintiff brought her concerns about this practice to Ms. Mackey's attention

during a one-on-one meeting, Ms. Mackey proceeded to berate Complainant regarding her

leadership style and declared that any executive in Defendant's Human Capital department could

direct Plaintiff's staff without consulting with Plaintiff.

44.     On or about August 17, 2017, after Plaintiff's removal, Defendant challenged

Plaintiff's claim for unemployment benefits and involved Defendant's General Counsel in the

challenge to Plaintiff's claim.

45.     Such a challenge backed by Defendant's General Counsel's office is outside of

Defendant's past practices regarding unemployment claims which were traditional handled by

Defendant's Human Capital department.

46.     On information and belief, senior Human Capital employees in Defendant's

employee such as Ms. Mackey or Mr. Venuto were responsible for directing that Plaintiff's claim

for unemployment compensation be opposed by Defendant's General Counsel's office.

47.      Ms. Clinton now timely files this Complaint for relief from the discriminatory and

 illegal treatment that she experienced as a result of the Agency's actions and inactions.

## CAUSES OF ACTION

### COUNT ONE
**(Hostile Work Environment Harassment on the Basis of Reprisal in violation of
Title VII of the Civil Rights  Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.)**

48.     Plaintiff incorporates all information and allegations contained in the preceding

paragraphs as if fully set forth herein.

49.     Plaintiff complained to her supervisors of the unlawful, hostile and discriminatory and retaliatory treatment that she to which she was being subjected.

50.     Since August 2013 through her the filing of this Complaint, Plaintiff regularly made several complaints of disparate treatment and discrimination to her supervisors and the Agency's EEO office about her treatment.

51.     Since Plaintiff's EEO complaints were not resolved and no action was taken to resolve them, Plaintiff filed a formal EEO Complaints, which named her harassers and identified the responsible management officials.

52.     Shortly after her supervisor, Ms. Mackey and Mr. Venuto were interviewed by the EEO counsel after being identified as Responsible Management Officials (RMOs), Plaintiff was brought up on lack of candor charges, and otherwise subjected to discrimination, made to work in a hostile work environment and subjected to retaliation

53.     Plaintiff began to be treated differently from her similarly situated co-workers and from how she was treated prior to complaining about the disparate treatment and discrimination. Specifically, Plaintiff was proposed for removal and then removed for her position as an SES with the federal government without any progressive discipline and despite not having a disciplinary history.

54.     Similarly, situated co-workers (no prior EEO activity) were not subjected to the same adverse treatment.

55.     Defendant engaged in reprisal against Plaintiff because she opposed Defendant's discriminatory practices and participated in EEO activity.

56.     The adverse retaliatory actions to which Plaintiff has been subjected are directly a result of Plaintiff having previously engaged in protected EEO activity.

8

57.     Plaintiff complained to her supervisor and through her chain of command about her discrimination. Defendant knew, or should have known, of Plaintiff's participation in protected EEO activity before subjecting her to the aforementioned adverse actions.

58.     As a result of Plaintiff's open opposition to Defendant's discriminatory treatment, Plaintiff was routinely discriminated against and the employer engaged in a persistent pattern of severe or pervasive harassment set forth herein, which created a hostile and offensive workplace.

59.     The adverse treatment that Plaintiff was being subjected to by Defendant was in front of and obvious to her co-workers.

60.     As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages, including but not limited to past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, medical expenses and costs, and is entitled to all available legal and equitable remedies.

61.     Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and her injury is permanent in nature. Further, Defendant's treatment and actions were ongoing between 2013 and 2017.

62.     Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated without Plaintiff contributing in any way thereto.

## COUNT TWO
**(Hostile Work Environment Harassment on the Basis of Sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.)**

63.     Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

64.     Since approximately 2016 through her removal, Plaintiff suffered harassment at the

hands of Defendant's management officials as a result of her sex.

65.     Similarly, situated co-workers (non-female) were not subjected to the same adverse treatment in the terms and conditions of their employment which included unnecessary supervisory scrutiny, the undermining of their supervisory roles, and verbal harassment as Plaintiff was required to endure.

66.     As a result of Plaintiff's sex,  Plaintiff was routinely discriminated against and the employer engaged in a persistent pattern of  severe or pervasive harassment set forth herein, which created a hostile and offensive workplace.

67.     The adverse treatment that Plaintiff was being subjected to by Defendant was in front of and obvious to her co-workers.

68.     As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages, including but not limited to past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, medical expenses and costs, and is entitled to all available legal and equitable remedies.

69.     Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and her injury is permanent in nature. Further, Defendant's treatment and actions were ongoing between 2016 and 2017.

70.     Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated without Plaintiff contributing in any way thereto.

### COUNT THREE
**(Hostile Work Environment Harassment on the Basis of Race in violation of Title VII of the Civil Rights  Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.)**

71.     Plaintiff incorporates all information and allegations contained in the preceding

paragraphs as if fully set forth herein.

72. Since approximately 2016 through her removal, Plaintiff suffered harassment at the hands of Defendant's management officials as a result of her race.

73. Similarly, situated co-workers (non-African-American) were not subjected to the same adverse treatment in the terms and conditions of their employment which included unnecessary supervisory scrutiny, the undermining of their supervisory roles, unwarranted administrative investigation, and verbal harassment as Plaintiff was required to endure.

74. As a result of Plaintiff's race, Plaintiff was routinely discriminated against and the employer engaged in a persistent pattern of severe or pervasive harassment set forth herein, which created a hostile and offensive workplace.

75. The adverse treatment that Plaintiff was being subjected to by Defendant was in front of and obvious to her co-workers.

76. As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages, including but not limited to past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, medical expenses and costs, and is entitled to all available legal and equitable remedies.

77. Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and her injury is permanent in nature. Further, Defendant's treatment and actions were ongoing between 2016 and 2017.

78. Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated without Plaintiff contributing in any way thereto.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

a.  Award compensatory damages;

b.  Damages and equitable relief for all harm Plaintiff has sustained as a result of Defendant's unlawful conduct including for loss of promotional potential, reputation, lost wages, lost job benefits she would have received but for Defendant's unlawful conduct;

c.  Award any medical costs and expenses incurred as a result of Defendant's unlawful conduct;

d.  Award reasonable attorney fees, costs, and expenses incurred for this action;

e.  Order Defendant to institute a policy and procedure to be implemented against discrimination;

f.  Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

g.  Supervisory training for the supervisors at issue herein;

h.  Award equitable, declaratory, and injunctive relief; and

i.  Award such other and further relief as this Honorable Court deems just and proper.

## EQUITABLE RELIEF

79.  Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as fully set forth herein.

80.  Because of the actions alleged herein, the continued employment of the supervisors at issue herein without training in equal employment opportunity law, rules and regulations, present clear and present dangers to the employees of Defendant and could result in further illegal actions on the party of Defendant, by and through its agents, servants and employees.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

j.  Order the Defendant to institute a policy and procedure to be implemented against discrimination;

k.  Equal Employment Opportunity training for Defendant and the supervisory

officials at issue herein;

l.   Supervisory training for the supervisors at issue herein; and

m.   Such other and further relief as this Court deems just and proper.

## <u>JURY DEMAND</u>

Plaintiff demands a trial by jury on all issues set forth herein.

Respectfully submitted,

By:   *K. Scott Rocio*_____
K. Scott Rocio, Esq.
(D.C. Bar No. 1032050)
DONNA WILLIAMS RUCKER
  (D.C. Bar No. 446713)
TULLY RINCKEY PLLC
815 Connecticut Avenue, N.W.
Washington, DC 20006
Office: (202) 349-9830
Facsimile: (202) 355-1399
Email: krocio@fedattorney.com
Email: drucker@fedattorney.com

June 7, 2019                                        Counsel for Plaintiff